# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

IVAN DEJESUS VALTI GALVAN,

Plaintiff,

v.

V. MILASICH,

Defendant.

Case No. 1:22-cv-00974-SAB (PC)

ORDER DENYING PLAINTIFF'S MOTION TO SUBMIT EXHIBITS AND DIRECTING THE CLERK OF COURT TO RETURN THE EXHIBITS LODGED ON AUGUST 15, 2022

(ECF Nos. 9, 10)

Plaintiff Ivan DeJesus Valti Galvan is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On August 10, 2022, the Court screened Plaintiff's original complaint, found no cognizable claim, and granted Plaintiff thirty days to file an amended complaint. (ECF No. 8.)

Currently before the Court is Plaintiff's motion for permission to submits exhibits, filed August 15, 2022. Plaintiff has submitted 105 pages of exhibits which have been lodged by the Court.

First, Plaintiff is advised that the Court cannot serve as a repository for the parties' evidence (i.e., prison or medical records, witness affidavits, etc.). The parties may not file evidence with the court until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the court). Evidence improperly submitted to the court will be stricken.

///

Second, with regard to exhibits intended to support a complaint, such exhibits must be attached to the complaint and must be incorporated by reference. Fed. R. Civ. Pro. 10(c). With regard to exhibits that are properly attached to the complaint, plaintiff is cautioned that it is not the duty of the court to wade through his exhibits to determine whether or not he has claims cognizable under section 1983. Rather, the court looks to the factual allegations contained in plaintiff's complaint to determine whether or not plaintiff has stated a cognizable claim for relief under section 1983.

If plaintiff attaches exhibits to his amended complaint, he must refer specifically to each exhibit. For example, plaintiff must state "see Exhibit A" or something similar in order to alert the court to exactly which exhibit he refers. Plaintiff may not merely point the court to attached exhibits and expect that the Court will read through all of the exhibits and determine to which exhibit it appears plaintiff refers. Further, if the exhibit consists of more than one page, plaintiff must refer to the specific portion of the exhibit.

Finally, the court deems it necessary to caution plaintiff regarding the attachment of exhibits to his complaint. Although the Federal Rules of Civil Procedure allow parties to attach exhibits to their pleadings, it is the experience of this Court that when prisoner proceeding without the assistance of counsel submit exhibits in support of their complaints, the exhibits serve only to confuse the record and make it much more difficult for the court to determine whether or not the prisoner has any cognizable claims for relief. As previously stated, the Court looks to the factual allegations to determine whether or not the plaintiff has stated a claim for relief. The Court must assume that the plaintiff's factual allegations are true. Therefore, it is unnecessary, generally, for the plaintiff to submit evidence in support of his allegations.

///

///

///

///

///

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion to submit exhibits, filed on August 15, 2022 is denied; and

2. The Clerk of Court shall return the exhibits lodged on August 15, 2022, to Plaintiff.

IT IS SO ORDERED.

Dated: **August 17, 2022**

UNITED STATES MAGISTRATE JUDGE